**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TRUSTEES OF THE HEATING, PIPING ) <br> AND REFRIGERATION PENSION FUND ) <br> 9411 Philadelphia Road, Suite S ) <br> Baltimore, MD  21237, ) <br>  ) <br> TRUSTEES OF THE HEATING, PIPING ) <br> AND REFRIGERATION MEDICAL FUND ) <br> 9411 Philadelphia Road, Suite S ) <br> Baltimore, MD  21237, ) <br>  ) <br> TRUSTEES OF THE HEATING, PIPING ) <br> AND REFRIGERATION TRAINING FUND ) <br> 9411 Philadelphia Road, Suite S ) <br> Baltimore, MD  21237, ) <br>  ) <br> M. EDDIE MOORE SCHOLARSHIP ) <br> TRUST FUND ) <br> 9411 Philadelphia Road, Suite S ) <br> Baltimore, MD  21237, ) <br>  ) <br> TRUSTEES OF THE INDUSTRY PROMOTION ) <br> FUND ) <br> 9411 Philadelphia Road, Suite S ) <br> Baltimore, MD  21237, ) <br>  ) <br> TRUSTEES OF THE LOCAL 602 ) <br> COMMUNICATIONS AND PRODUCTIVITY ) <br> FUND ) <br> 9411 Philadelphia Road, Suite S ) <br> Baltimore, MD  21237, ) <br>  ) <br> TRUSTEES OF THE STEAMFITTERS ) <br> LOCAL 602 RETIREMENT SAVINGS FUND ) <br> 9411 Philadelphia Road, Suite S ) <br> Baltimore, MD  21237, ) <br>  ) <br> TRUSTEES OF THE INTERNATIONAL ) <br> TRAINING FUND, ) <br> 103 Oronoco Street ) <br> Alexandria, Virginia  22314, ) <br>  ) <br> and ) <br>  ) | **C O M P L A I N T** |

|  |  |
|---|---|
| and | ) |
|  | ) |
| STEAMFITTERS LOCAL UNION NO. 602 | ) |
| 8700 Ashwood Drive, Second Floor | ) |
| Capitol Heights, Maryland  20743, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| ENVIRONMENTAL OPERATING | ) |
| SYSTEMS, INC. | ) |
| 511 4th Street | ) |
| Laurel, Maryland  20707 | ) |
|  | ) |
| Serve:  Resident Agent | ) |
|   Michael R. Stark | ) |
|   15607 Dorset Road Unit 304 | ) |
|   Laurel, Maryland  20707, | ) |
|  | ) |
| Defendant. | ) |

# **C O M P L A I N T**

### **(TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; AND FOR EQUITABLE RELIEF)**

### **PARTIES**

1. The Heating, Piping and Refrigeration Pension Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Pension Fund is administered at 9411 Philadelphia Road, Suite S, Baltimore, Maryland  21237. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. The Heating, Piping and Refrigeration Medical Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Medical Fund was established

and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Medical Fund is administered at 9411 Philadelphia Road, Suite S, Baltimore, Maryland 21237. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3. The Heating, Piping and Refrigeration Training Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Training Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Training Fund is administered at 9411 Philadelphia Road, Suite S, Baltimore, Maryland 21237. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. The Steamfitters Local 602 Retirement Savings Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Retirement Savings Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Retirement Savings Fund is administered at 9411 Philadelphia Road, Suite S, Baltimore, Maryland 21237. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

5. The International Training Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37). The International Training Fund was established and is maintained by a Restated Trust Agreement. The International Training Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The M. Eddie Moore Scholarship Trust Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income

Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The M. Eddie Moore Scholarship Trust Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The M. Eddie Moore Scholarship Trust Fund is administered at 9411 Philadelphia Road, Suite S, Baltimore, Maryland  21237.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

7. The Industry Promotion Fund is a trust fund established and maintained according to the provisions of its Trust Document.  The Industry Fund is administered by its Trustees at 9411 Philadelphia Road, Suite S, Baltimore, Maryland  21237.

8. The Local 602 Communications and Productivity Fund is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a.  The Communications Fund is established and maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Communications Fund is administered by its Trustees at 9411 Philadelphia Road, Suite S, Baltimore, Maryland  21237.

9. Steamfitters Local Union No. 602 is an unincorporated labor organization, as that term is defined in § 2(5) of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 152(5).  Steamfitters Local Union No. 602 maintains an office at 8700 Ashwood Drive, Second Floor, Capitol Heights, Maryland  20743.

10. Environmental Operating Systems, Inc. is a Maryland business existing under Maryland State laws with an office located at 511 4th Street in Laurel, Maryland.

11. Environmental Operating Systems, Inc. transacts business in the Maryland, Virginia and the Washington, D.C. metropolitan area as a contractor or subcontractor in, among others, the pipefitting and steamfitting industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9),

(11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

12. At all relevant times Environmental Operating Systems, Inc. was and is signatory and bound to the Agreements between the Mechanical Contractors Association of Metropolitan Washington, D.C. and Steamfitters Local Union No. 602 ("Collective Bargaining Agreements") by virtue of its Interim Agreement.

## JURISDICTION

13. This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a).  This is an action to collect amounts due to employee benefit plans under the terms of the Collective Bargaining Agreements and for additional relief.

14. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), as the district in which Plaintiffs are located and administered and the district in which the Defendant is located.

15. This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## COUNT I

### (AMOUNTS OWED TO BENEFIT FUND PLAINTIFFS)

16. The Pension Fund, Medical Fund, Training Fund, Scholarship Fund, Retirement Savings Fund and International Training Fund ("Benefit Funds") hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 15 as if fully set forth in Count I.

17. Pursuant to its Collective Bargaining Agreements, Defendant agreed to pay to the Benefit Fund Plaintiffs certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreements.

18. Defendant employed certain employees covered by the Collective Bargaining Agreements, but failed to report or pay the entire amount when due to the Benefit Funds for work performed in March, July, August, September, and October 2017 as required by the Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust.

19. The Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

20. The Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees and court costs.

21. Plaintiffs will seek a judgment in this action against the Defendant for all contributions owed to the Benefit Funds, plus interest, liquidated damages, attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT II

### (OTHER CONTRIBUTION PAYMENTS)

22. The Communications & Productivity Fund and the Industry Promotion Fund hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 21 as if fully set forth in Count II.

23. Pursuant to its Collective Bargaining Agreements, Defendant agreed to pay to the Communications & Productivity Fund and Industry Promotion Fund certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreements.

24. Defendant employed certain employees covered by the Collective Bargaining Agreements, but failed to pay the entire amounts when due to the Communications & Productivity Fund and Industry Promotion Fund for March, July, August, September, and October 2017 as required by the Collective Bargaining Agreements.

25. The Collective Bargaining Agreements and the Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment, and attorney's fees and costs.

26. The Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees and court costs.

27. Plaintiffs will seek a judgment in this action against the Defendant for all contributions owed to the Communications & Productivity Fund and Industry Promotion Fund, plus interest, liquidated damages, attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT III

### (LIQUIDATED DAMAGES AND INTEREST OWED FOR LATE PAYMENTS)

28. The Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 27 as if fully set forth in Count II.

29. Pursuant to the Collective Bargaining Agreements and Interim Agreement, and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust, Defendant Environmental Operating Systems, Inc. agreed to pay the amount due to each of the Plaintiffs each month on or before the fifteenth day following the end of each calendar month.

30. Defendant paid late the amounts due to the Plaintiffs for work performed in various months during the period of February through October 2017.

31. The Collective Bargaining Agreements and the Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment, and attorney's fees and costs.

32. Defendant owes the Plaintiffs liquidated damages and interest for late paid contributions for various months during the period of February through October 2017, plus attorney's fees and costs.

## COUNT IV

### (INJUNCTIVE RELIEF FOR TIMELY REPORTS AND PAYMENTS)

33. Plaintiffs hereby adopt, incorporate and restate in Count IV paragraphs 1 through 32.

34. Defendant, pursuant to the Collective Bargaining Agreements and Interim Agreement, and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust, agreed to report hours and make timely contributions to the Plaintiffs in the amounts and on the dates required by the Collective Bargaining Agreements and Restated Agreements and Declarations of Trust.

35. Defendant has repeatedly failed to submit timely reports and pay contributions to the Plaintiffs. Plaintiffs' counsel has had to pursue payments and demand payments from the Defendant in order to force the Defendant to pay delinquent contributions as required by the terms of the Collective Bargaining Agreements and Restated Agreements and Declarations of Trust.

36. The Defendant's persistent disregard for the contribution and reporting obligations constitutes a violation of the terms of ERISA and an employee benefit plan, and threatens the

Plaintiffs, and the Plaintiffs' participants and beneficiaries, with irreparable harm if injunctive relief is not granted.

37. By virtue of the failure to make timely payments, the Defendant has caused the Plaintiffs and their participants to suffer the loss of investment income and incur additional administrative expenses as well as deprived the Plaintiffs and their participants of the ability to accurately determine the amount of contributions owed and credit earned by employees during that time period.

38. The public interest will be served by an issuance of injunctive relief.

## COUNT V

### (INJUNCTIVE RELIEF FOR BOND)

39. Plaintiffs hereby adopt, incorporate and restate in Count V paragraphs 1 through 38.

40. Defendant Environmental Operating Systems, Inc. failed to provide the required bond to the Plaintiffs in violation of the requirements of the Collective Bargaining Agreements, Restated Agreements and Declarations of Trust and Employer Guidelines.

**WHEREFORE**, the Plaintiffs pray judgment on Counts I, II, III, IV, and V as follows:

A. That the Court find the Defendant Environmental Operating Systems, Inc. liable in the amount of contributions, interest, liquidated damages, attorney's fees costs, and any other amounts owed under the Collective Bargaining Agreements, Interim Agreement, and Trust Agreements to the Plaintiffs from February 2017 to date and through the date of judgment.

B. That the Defendant Environmental Operating Systems, Inc. be directed to comply with its obligations to correctly report and contribute to the Plaintiffs in a timely manner in the future as alleged in Count IV.

C. For a Court Order enjoining violations of the terms of the Plaintiffs' trust agreements and Steamfitters Local Union No. 602's Collective Bargaining Agreements requiring the Defendant Environmental Operating Systems, Inc. to provide a bond.

D. For such further relief as the Court may deem appropriate.

Respectfully submitted,

Dated: December 6, 2017         By:         /s/
R. Richard Hopp, MD Bar No. 07363
O'DONOGHUE & O'DONOGHUE LLP
5301 Wisconsin Ave., N.W.
Eighth Floor
Washington, D.C. 20015
rhopp@odonoghuelaw.com
Telephone No.: (202) 362-0041
Facsimile No.: (202) 362-2640
*Attorney for Plaintiffs*